IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE | § | |
| Vs. | § | CIVIL ACTION NO. 9:11CV109 |
| BURKE CENTER | § | |

MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Michael White, proceeding *pro se*, filed the above-styled lawsuit on July 1, 2011. The matter was transferred to the undersigned with the consent of the parties on October 21, 2011.

*Background*

In his complaint, Plaintiff alleges employment discrimination on the basis of gender and disability. He alleges that his mistreatment began in 2004. Plaintiff was employed at the Burke Center as a case worker. Plaintiff asserts that male caseworkers were not respected and were assigned "the sicker clients" and heavier caseloads. Plaintiff states that his health declined as a result of work stress in 2009 and his doctor told him not to work for two weeks. Plaintiff submits that when he returned to work, he was reassigned, written up and investigated for false billing. Plaintiff opines that "management" made his job intolerable and that they were always "on the look out" for him. Plaintiff states that his employment was terminated in November 2009. Plaintiff alleges in the charge that he was fired after asking management to stop the unfair treatment, including slurs and negative comments, and also allegedly because of his health condition. Plaintiff submits that he was subjected to retaliation.

Defendant filed a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (document #27). Defendant asserts a lack of subject matter jurisdiction as a result of Plaintiff's failure to file a timely charge of discrimination. Defendant further argues that the complaint should be dismissed because it has articulated legitimate, non-discriminatory reasons for the personnel actions taken relating to Plaintiff. More specifically, defendant alleges that Plaintiff's employment was terminated for knowingly falsifying billings to Medicaid. Defendant submits that Plaintiff's job performance was sub-par during his entire tenure and resulting in a written warning and job performance probation before the billing discrepancy was discovered. Further, Defendant argues that the complaint should be dismissed because it had a valid, mandatory policy disseminated to its employees prohibiting discrimination and Plaintiff failed to take advantage of any protective or corrective opportunities provided.

Plaintiff filed a response and an amended response to the motion to dismiss. Plaintiff disputes Defendant's assertion that he knowingly committed billing errors and asserts that he received inadequate training. Plaintiff does not address Defendant's assertion that his claims are time-barred.

*Discussion and Analysis*

Defendant seeks dismissal of the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). A claim must "be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

The first issue to be considered in this matter is the timeliness of Plaintiff's charge of discrimination. Plaintiff filed the above-styled employment discrimination lawsuit pursuant to Title VII. As a prerequisite to filing a lawsuit pursuant to Title VII, a plaintiff must first file a charge of discrimination with the EEOC within the time limits prescribed by 42 U.S.C. § 2000e-5(e). *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 1886 (1977); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 248 (5th Cir.1980). Pursuant to 42 U.S.C. § 2000e-5(e), in a state where the EEOC routinely transmits complaints to a state referral agency, such as the Texas Commission on Human Rights, a limitations period of 300 days is applicable.[1] In other words, a Title VII plaintiff must file a charge of discrimination with the EEOC no more than 300 days after learning of an adverse employment decision in a referral state. *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir.1997).

In this case, Plaintiff alleges discrimination beginning in 2004. The copy of the charge attached to the original complaint reveals that Plaintiff signed his charge of discrimination on January 5, 2010. As a result, any claims concerning adverse employment decisions prior to March 10, 2009, were not timely submitted to the EEOC and do not meet the prerequisite for pursuing a Title VII lawsuit requiring a timely charge of discrimination. The motion to dismiss should be granted as to the portion of Plaintiff's claims concerning adverse employment decisions that occurred prior to March 10, 2009.

The remainder of the motion to dismiss asserts that Plaintiff's claims fail because he failed to take advantage of protective or corrective opportunities and because Defendant had legitimate, non-discriminatory reasons for terminating Plaintiff's employment. In the context of a motion to

---

[1] In non-referral states, the time limit is 180 days.

dismiss pursuant to Rule 12(b)(6), courts are generally limited to the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). When considering a motion to dismiss for failure to state a claim, the court must accept all of a plaintiff's allegations in the complaint as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir.2005). In addition, all reasonable inferences must also be drawn in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

Defendant's assertions concerning its discrimination policy and its reasons for taking adverse employment action involve factual allegations that require evidentiary support and address the merits of Plaintiff's claims. As such, they are more properly asserted in the context of a motion for summary judgment. A 12(b)(6) motion to dismiss requires the Court to look only to the complaint and accept the Plaintiff's allegations as true. Defendant has not shown that the complaint itself, taking the allegations as true, fails to state a claim, with the exception of Plaintiff's claims concerning events that occurred prior to March 10, 2009.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that the Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (document #27) is **GRANTED** in part and **DENIED** in part. The motion is granted as to Plaintiff's claims concerning adverse employment decisions prior to March 10, 2009. Plaintiff may only proceed with claims concerning adverse employment decisions occurring on or after March 10, 2009. The motion is denied in all other respects.

So **ORDERED** and **SIGNED** this **1** day of **February, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE