IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE | § | |
| v. | § | CIVIL ACTION NO. 9:11cv109 |
| BURKE CENTER | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT

The above-styled lawsuit was filed on July 1, 2011. The case was transferred to the undersigned on October 21, 2011 with the consent of the parties in accordance with 28 U.S.C. § 636. Defendant filed a Motion for Summary Judgment (document #40), which is the subject of this Memorandum Opinion and Order.

*Background*

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit concerning his employment at the Burke Center. In his complaint, Plaintiff alleges employment discrimination on the basis of gender and disability. He alleges that his mistreatment began in 2004. Plaintiff was employed at the Burke Center as a mental health case worker. Plaintiff asserts that male caseworkers were not respected and were assigned "the sicker clients" and heavier caseloads. Plaintiff states that his health declined as a result of work stress in 2009 and his doctor told him not to work for two weeks. Plaintiff submits that when he returned to work, he was reassigned, written up and

investigated for false billing. Plaintiff opines that "management" made his job intolerable and that they were always "on the look out" for him. Plaintiff states that his employment was terminated in November 2009. Plaintiff alleges that he was fired after asking management to stop the unfair treatment, including slurs and negative comments, and also allegedly because of his health condition. Plaintiff submits that he was subjected to retaliation.

After filing an Answer, Defendant filed a motion to dismiss seeking dismissal of the complaint. An Order was entered on February 1, 2012, granting in part and denying in part the motion to dismiss. The motion was granted as to Plaintiff's claims concerning adverse employment decisions occurring prior to March 10, 2009 and those claims were dismissed. The motion to dismiss was denied in all other respects.

Defendant then filed a Motion for Summary Judgment (document [#40](#40)). Defendant contends that Plaintiff cannot establish a *prima facie* case of gender discrimination, disability discrimination or retaliation. To the extent Plaintiff alleges defamation and unequal pay, Plaintiff additionally argues that Plaintiff cannot establish a *prima facie* case. Further, Defendant asserts that Plaintiff's employment was terminated because he knowingly billed Medicaid incorrectly over a five-year period of time, causing Defendant to undergo a lengthy process of correcting the billing errors and reimbursing Medicaid $38,579.44. Defendant submits that Plaintiff cannot show that the stated reason for his termination is pretext for discrimination.

In his [response](response), Plaintiff does not dispute that he "wrote notes wrong and was fired." He asserts, however, that Janis Robertson and Ruth Roberts discriminated against him, although he does not specify whether they discriminated against him for being a man, having a disability or both. Plaintiff submits that his medical records show "medical problems" and "burn out." Plaintiff

attached deposition testimony from a co-worker, Tiffany Johnson, in which Ms. Johnson opines that Plaintiff was given more difficult clientele because he is a man and states that jokes or references were made in staff meetings about Plaintiff being "only a man" or "just a man."

Defendant filed a reply brief asserting that Plaintiff has not shown that the stated legitimate, non-discriminatory reason for Plaintiff's termination is pretext for discrimination. Defendant submitted affidavits purporting to show that Plaintiff's caseload was no different than comparable caseworkers and the caseload was not based on gender. Defendant additionally points out that Janis Robinson was not employed by Defendant at the time of Plaintiff's termination and Ruth Roberts was not involved in the decision to terminate Plaintiff's employment. Instead, the decision was made by a group of five people, including two men.

Plaintiff submitted a sur-reply again asserting that Robinson and Roberts treated him unfairly because he is a man. Plaintiff characterizes it as a hostile work environment. He further alleges that they "mocked" him when he took two weeks of medical leave. Plaintiff denies that he knowingly mis-billed Medicaid.

### *Summary Judgment Standard*

Rule 56(a) of the Fed. R. Civ. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party,

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would

be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

### *Discussion and Analysis*

In this case, the complaint asserts claims for gender discrimination, disability discrimination and retaliation. Plaintiff's claims are limited to events occurring on or after March 10, 2009. Although the motion for summary judgment seeks dismissal of defamation and unequal pay claims, the Court does not find those claims properly pled in the complaint. Moreover, Plaintiff did not respond to the motion for summary judgment as to those claims.

<u>Gender Discrimination</u>

Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. S 2000e-2(a)(1). There are essentially two theories of liability for discrimination under Title VII: disparate impact and disparate treatment. In the present case, Plaintiff alleges disparate treatment. Under the disparate treatment theory, Title VII is violated if the employee can show that the employer intentionally treated the employee unfairly because of race, color, religion, sex, or national origin. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1523 (5th Cir.1993).

To succeed, a plaintiff proceeding on a disparate treatment theory of employment discrimination must show both disparate treatment and discriminatory motive. *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir.1988); *Lee v. Conecuh County Board of Education*, 634 F.2d 959, 962 (5th Cir.1981). . The plaintiff must show that the protected trait – in this case,

Plaintiff's gender – actually motivated the employer's decision. The protected trait must have actually played a role in the decision-making process and must have had a determinative influence on the outcome. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701 (1993). Discriminatory motive or intent may be shown by direct or circumstantial evidence. *Wheeler v. City of Columbus, Miss.*, 686 F.2d 1144, 1150 (5th Cir.1982).

The so-called McDonnell-Douglas framework, espoused in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973), is used when evaluating Title VII discrimination cases based upon circumstantial evidence. The initial burden is on the plaintiff to show facts sufficient to warrant recovery. *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir.1993). To defeat a motion for summary judgment, a Title VII plaintiff has the burden of making a *prima facie* showing that: (1) he belongs to a protected class; (2) he was qualified to do his job; (3) despite his qualifications, his employment situation was adversely affected; and (4) his position was filled by someone outside that protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 1824 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981). The same elements apply to a claim brought pursuant to 42 U.S.C. § 1981. *Pratt v. City of Houston*, 247 F.3d 601, 606 n. 1 (5th Cir.2001). If a plaintiff succeeds in showing facts sufficient to warrant recovery, a rebuttable presumption of discrimination, or inference of discrimination, arises. *Armstrong*, 997 F.2d at 65. The burden is then on the employer to come forward and show legitimate, nondiscriminatory reasons for the challenged acts. *Id.*

If the employer articulates a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to demonstrate that the reasons put forth by the employer are a mere pretext – or phony reason – for accomplishing the discriminatory act. *Id.*; *Texas*

*Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981). Alternatively, a plaintiff may show that the employer's reason, though true, is only one of the reasons for its conduct and that another motivating factor is the plaintiff's protected characteristic. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir.2005) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003)). The ultimate burden of persuading the court that he was a victim of intentional discrimination, however, always remains on the plaintiff. *Armstrong,* 997 F.2d at 65.

In this case, Plaintiff has not established all four elements of a *prima facie* case of gender discrimination. Plaintiff has offered no evidence concerning whether his position was filled after his employment was terminated or whether it was filled by a woman. Even if the Court were to assume, *arguendo*, that Plaintiff met the minimal showing required to establish a *prima facie* case of discrimination, Plaintiff's gender discrimination claim would still ultimately fail on the motion for summary judgment. Once a *prima facie* case is shown, the defendant must come forward with a legitimate, non-discriminatory reason for the adverse employment action. Through the production of admissible evidence, Defendant must set forth reasons which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the termination of Plaintiff's employment. *Burdine*, 450 U.S. at 254-55. At this step, the employer must produce evidence that, "*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742 (1993) (emphasis in original). The question is simply whether a defendant has produced such evidence – not whether that evidence is persuasive or credible. *Hicks*, 509 U.S. 502 at 510-11, 113 S.Ct. at 2749.

Defendant produced competent summary judgment evidence that, taken as true, permits or supports a finding that Plaintiff's employment was terminated as a result of Plaintiff's Medicaid billing errors over a five year period of time. Plaintiff disputes whether he "knowingly" mis-billed Medicaid. The issue, however, is not whether the employee actually committed the infraction. The question is whether the employer believed that the employee committed the infraction(s) and made the decision to discharge the employee based upon that belief. *Waggoner v. City of Garland, Texas*, 987 F.2d 1160, 1165-66 (5th Cir.1993).

When the employer articulates a legitimate, nondiscriminatory reason for the adverse employment action, the burden then shifts back to the plaintiff to prove that the reasons put forth by the employer are a mere pretext – or phony reason – for accomplishing the discriminatory act. *Hicks,* 509 U.S. at *507-508*; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981). Alternatively, a plaintiff may show that even though the employer's stated reason for termination is true, the stated reason is only one of the reasons and another motivating factor is his gender. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004).

The ultimate burden of persuading the court that he was a victim of intentional discrimination, however, always remains on the plaintiff. *Armstrong,* 997 F.2d at 65. "On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir.2002). A plaintiff may show that there is a genuine issue of material fact concerning pretext by showing either that the employer's proffered explanation is false or by showing disparate treatment. *Wallace v. Methodist Hospital System*, 271 F.3d 212, 220 (5th Cir.2001). For summary judgment purposes, the core issue is whether a genuine issue of

material fact exists as to whether the Defendant intentionally discriminated against Plaintiff. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444 (5th Cir.1996); *Armstrong v. City of Dallas*, 997 F.2d at 65 (5th Cir.1993). A plaintiff must present evidence that will permit a rational fact finder to infer intentional discrimination. *Reeves v. Sanderson Plumbing Products*, *Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000). "[S]ummary judgment is inappropriate if the evidence taken as a whole . . . . creates a reasonable inference that [gender] was a determinative factor in the actions of which plaintiff complains." *Pratt*, 247 F.3d at 606-07 (quotation marks omitted).

In this case, Plaintiff alleges that two supervisors, Roberts and Robinson, made comments about him being a "man" and assigned him the more difficult cases. To prove discrimination, a plaintiff may use circumstantial evidence that he has been treated differently than similarly situated employees outside of the protected class. See *Polano v. City of Austin, Texas*, 78 F.3d 968, 977 (5th Cir.1996). A plaintiff must show that he was treated differently under circumstances that were "nearly identical" to his. See *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995). Plaintiff has not provided evidence showing that he was treated differently than female employees under "nearly identical" circumstances. In his deposition testimony, Plaintiff acknowledged that it is speculation that he received more difficult cases because he is a man. He agreed that he had better rapport with the clients than other case workers and he may have received some difficult cases because he was an effective case worker who was good at his job. Plaintiff has not shown that he was treated differently than similarly situated employees outside of his protected class.

Moreover, neither Roberts nor Robinson were involved in the decision to terminate Plaintiff's employment. Plaintiff has not presented competent summary judgment evidence sufficient to create an inference that his gender was a determinative factor in the decision to fire

Plaintiff. Plaintiff has not presented evidence from which a rational fact finder could infer intentional discrimination and, therefore, he has not produced evidence sufficient to raise a genuine issue of material fact for trial on the issue of pretext. *Reeves*, 530 U.S. at 120.

In his sur-reply brief, Plaintiff contends that he was subjected to a hostile work environment. Beyond "economic" or "tangible" discrimination, Title VII also encompasses a discriminatorily hostile or abusive work environment. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 2404 (1986). Title VII is violated if the workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993) (*citing Meritor Savings Bank, FSB v. Vinson*, 477 U.S. at 65, 67, 106 S.Ct. at 2405).

To establish a Title VII hostile work environment claim, a plaintiff must prove that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on a protected trait; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir.2001)). The court must look to all of the circumstances in determining whether a plaintiff's work environment was hostile or abusive – including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id.* (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367 (1993)).

Conduct that only amounts to ordinary socializing in the work place such as occasional horseplay, sporadic or occasional use of abusive language, and occasional teasing, does not constitute an abusive or hostile environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2283 (1998). A mere offensive utterance, discourtesy or rudeness will not constitute a hostile work environment. *Harris*, 510 U.S. at 23, 114 S.Ct. at 371. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable. *Ramsey*, 286 F.3d at 268. In other words, the offensive conduct must be so severe and pervasive that it creates a racially abusive overall working environment. *Id.* To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so. *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir.1999).

In this case, Plaintiff has not alleged facts establishing that he was subjected to a hostile work environment. At most, Plaintiff alleges that he was subjected to occasional teasing. He does not allege any specific facts concerning who said what or when events occurred. As set forth above, this case is limited to events occurring on or after March 10, 2009. Plaintiff has not shown conduct that is objectively offensive and that was so severe as to materially change the terms and conditions of his employment. Defendant is entitled to summary judgment on this claim.

<u>Disability Discrimination</u>

Plaintiff alleges generally that he was discriminated against because of a disability. The ADA is a federal anti-discrimination statute intended to eliminate discrimination against individuals with disabilities and the recovery of compensatory damages requires a showing of intentional discrimination. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir.2002). It is

designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities. 29 C.F.R. § 1630, App.

Similar to a Title VII claim, a plaintiff may establish a claim of disability discrimination by presenting direct evidence of discrimination or indirect proof. Under the *McDonnell Douglas* analysis, a plaintiff must first make out a *prima facie* case of discrimination by proving, by a preponderance of the evidence, that: (1) he suffers from a disability; (2) he was qualified for the job; (3) he was subject to an adverse employment action; and (4) he was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Daigle v. Liberty Life Insurance Co.,* 70 F.3d 394, 396 (5th Cir.1995) (internal citations omitted); *see Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). A "disability" includes, in relevant part, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. § 12102(2). "Substantially limits" generally means (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average persons in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1).

If a plaintiff is successful in making a *prima facie* case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its decision. If that is done, the plaintiff may attempt to demonstrate that the defendant's proffered explanation is pretextual. *Davis v. Chevron*, 14 F.3d at 1085. "At the end of the day, however, the plaintiff has the burden of proving that a violation of [the ADA] occurred." *Id*.

In this case, there is no evidence showing that Plaintiff suffers from a disability as defined in the ADA or that he was replaced by a non-disabled person. Indeed, Plaintiff does not even identify the alleged disability in his pleadings, including his response to the motion for summary judgment. Plaintiff asserts that he was under a lot of stress, but he has not come forward with evidence showing that he suffers from a physical or mental impairment that substantially limits one or more major life activities. Plaintiff has not established a *prima facie* case of disability discrimination and Defendant is entitled to summary judgment on Plaintiff's ADA claim.

Retaliation

Finally, Defendant seeks summary judgment on Plaintiff's retaliation claim. Plaintiff does not clearly explain his retaliation claim in his pleadings. It is not clear from the pleadings what protected activity Plaintiff participated in for which he believes he received retaliation. To establish a *prima facie* case of retaliation, Plaintiff must show: (1) he participated in a Title VII protected activity, (2) he suffered an adverse employment action by his employer, and (3) there is a causal connection between the protected activity and the adverse action. *Stewart v. Mississippi Transportation Commission*, 586 F.3d 321, 331 (5th Cir.2009). While not limited to ultimate employment decisions, "[t]he antiretaliation provisions protect an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern & Santa Fe Railway Co.*, 548 U.S. 53, 67, 126 S.Ct. 2405, 2414 (2006). To be an adverse employment action for purposes of establishing retaliation, the action must be "materially adverse." *Id.* at 68, 126 S.Ct. at 2415. A plaintiff must show "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* "[P]etty slights or minor annoyances that often take

place at work and that all employees experience," which may include personality conflicts and "snubbing," are not actionable. *Id*.

Plaintiff does not allege that he suffered an adverse employment action following participation in a protected activity. The only protected activity alleged in this case – the filing of Plaintiff's charge of discrimination – occurred after Plaintiff's employment was terminated. Plaintiff has not shown a genuine issue of material fact concerning his retaliation claim and Defendant is entitled to judgment as a matter of law.

Based upon the foregoing discussion and analysis, Defendant is entitled to summary judgment dismissing the complaint. It is accordingly

**ORDERED** that Defendant's Motion for Summary Judgment (document #40) is **GRANTED**. It is further

**ORDERED** that the above-styled lawsuit is **DISMISSED** with prejudice. It is further

**ORDERED** that the Bench Trial scheduled for September 11, 2012 is **CANCELED**. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this 28 day of August, 2012.

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE